**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BRADLY GIBSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 21-00103-JB-N** |
| | ) |
| **OUTOKUMPU STAINLESS STEEL USA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Amend (Doc. 56), Defendant's Response in Opposition (Doc. 60) and Plaintiff's Reply.  (Doc. 65).  The Motion has been extensively briefed and is now ripe for disposition.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Bradley Gibson, a former employee of Outokumpu Stainless USA, LLC ("Defendant"), filed this action against Defendant on March 5, 2021.  (Doc. 1).  In his Complaint, Plaintiffs seeks relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 201, *et seq*. and/or the common law of Alabama for 1) failing to pay overtime correctly and timely; and 2) failing to pay for all time clocked in.  (Doc. 1).  Plaintiff contends Defendant's timekeeping and pay practices violated several FLSA regulations resulting in the underpayment of overtime.  This is one of three actions pending before this Court concerning Defendant's timekeeping and pay

practices.[1]  The parties are well-versed in the facts and allegations and the Court need not repeat them here.

The FLSA Scheduling Order was entered on May 6, 2021 (Doc. 6), with Plaintiff's response to the Court's Interrogatories due by May 27, 2021.  (*Id*.).  This deadline was extended, by joint motion, to June 3, 2021.  (Docs. 10 and 11).  As required by the FLSA Scheduling Order, on June 17, 2021, Defendant submitted a Verified Summary of 1) all hours worked by Plaintiff going back to the pay period beginning at 6:00 am on Sunday, February 25, 2018; and 2) the rate of pay and wages, including any overtime pay, for each pay period.  (Doc. 14).

Thereafter, on August 13, 2021, following a failed settlement conference, and with the benefit of a scheduling conference and the parties' report of their planning meeting (Doc. 18), the Court entered the Rule 16(b) Scheduling Order.  (Doc. 22).  This scheduling order required discovery to be completed by February 28, 2022, and any amendment to the pleadings due by November 12, 2021.  (Doc. 22).  Discovery commenced in this action, the second of three ongoing wage and hour actions involving Defendant and its employees since 2018.[2]

On November 5, 2021, the parties filed a joint motion to the amend the Rule 16(b) Scheduling order and extend the pleading amendment deadline "until after the discovery hearing."  (Doc. 24).  The Motion contained the following rational:

> Until after [the November 10] discovery hearing and until after the parties complete the meet-and confer process, the parties also cannot say to what extent the issues to be addressed by any discovery motions might also impact the amendment of pleadings and/or joinder of other parties. 5. Therefore, to give the

---

[1] *Hornady v. Outokumpu Stainless USA, LLC*, No. 18-317 (S.D. Ala. filed July 16, 2018); *Callier v. Outokumpu Stainless USA, LLC*, Case No. 21-521 (S.D. Ala. filed December 2, 2021)

[2] Defendant explained the similarities as such: "Counsel for Plaintiffs and Defendant in *Hornady* are the same as in this case, and Mr. Gibson's claims in this case largely track the claims of the Plaintiffs in the *Hornady* case." (Doc. 28).

parties time to work out discovery disputes and for the parties to review any additional documents produced or supplemental written discovery responses provided following resolution of such disputes, the parties now jointly ask that the Court extend the deadline for filing Rule 15(a)(2) motions by 61 days, or until January 12, 2022. Such an extension would allow the filing of motions to amend the pleadings or join other parties by either Plaintiff or Defendant before this date. Id.

The parties raised numerous discovery disputes with the Magistrate Judge on November 10, 2021.  (Doc. 26).  At the close of hearing, the parties were ordered to submit a joint status report regarding discovery disputes, along with a proposed schedule to replace the current Scheduling Order.  (Doc. 27).  The day after the hearing, Judge Nelson granted the motion to amend the pleading deadline (Doc. 24) and extended the deadline from November 12, 2021, to January 13, 2022.  (Doc. 26).

The deadline to submit the joint status report and revised schedule was originally November 30, 2021; however, this deadline was extended twice, on the parties' joint motions (Docs. 28, 31).  Ultimately, the parties submitted the report on December 23, 2021.  (Doc. 34).  In the status report, the parties indicated they would be able to work out the discovery disputes. (Doc. 34).  Defendant agreed to supplement discovery by January 14, 2022.  (Doc. 34).  However, the status report notes:

> Defendant maintains that not all of Plaintiff's articulated issues are ones Defendant can resolve through supplementation or stipulation, and for some of the Interrogatories and Requests for Production listed above, Defendant may stand by its existing responses and objections.  Any remaining disagreements here will be addressed through Plaintiff's motion to compel to be filed no later than January 21, 2022.

(Doc. 34).

The Magistrate Judge adopted the revised discovery plan on December 28, 2021, modifying the Scheduling Order as follows (in pertinent part):  the discovery deadline was

extended to April 29, 2022, and the pleading deadline was extended to March 14, 2022. (Doc. 35).

On January 21, 2022, Defendant supplemented its discovery the first time and Plaintiff filed a Motion to Compel. (Doc. 38). Pertinent to the Motion now before this Court, Plaintiff, in the Motion to Compel (*id.*), alleged Defendant's responses to Interrogatories No. 5, 6 and 9 concerning the calculation of Plaintiff's "regular rate of pay" were nonresponsive. (*See* Doc. 38 ("Defendant's response does not answer the question" and, "Again, Defendant simply will not answer. This is bizarre. The Defendant must have some amount it contends is an accurate regular rate of pay for each week, and it must have some calculation for that amount. It just refuses to say.")).

The Motion to Compel was completely briefed by both parties on February 22, 2022. On April 8, three weeks after the third deadline to amend the pleadings ran under the order granting the parties' joint corrected motion to modify the scheduling order (Doc.35), the Magistrate Judge issued an Order, granting in part and denying in part, Plaintiff's Motion to Compel. (Doc. 50). Regarding, specifically, Interrogatory No. 5, the Magistrate Judge wrote:

> **OTK must produce the actual formulas used to determine Gibson's rate of pay—or directly state in response that it does not have them.** OTK admits that ADP's previous description of the formula used to calculate its employees' pay is inaccurate, while simultaneously acknowledging that ADP calculated the rate of pay for employees like Gibson. (See Doc. 40, PageID.326). Given this potential disconnect between ADP as the payroll provider and OTK—which bears the ultimate responsibility for adhering to the FLSA—Gibson is entitled to examine the actual formulas determining his rate of pay rather than relying on OTK's reverse engineered formulas. Accordingly, Gibson's motion to compel a complete answer to Interrogatory No. 5 is GRANTED.

(Doc. 50 at 14) (emphasis added).   Defendant was ordered to provide complete discovery responses by April 29.  (Doc. 50).  Defendant produced its second set of supplemental discovery response on April 29.  (Doc. 37).

Four days later, on May 3, 2022, Plaintiff moved to amend his Complaint.  (Doc. 56).  In his proposed amendment, Plaintiff seeks to:  1) insert more details surrounding how the "regular rate of pay" ("RROP") is calculated (Doc. 56-1 at ¶¶37.1-37.11); 2) clarify allegations concerning how bonuses are calculated (¶¶41.-41.5); and, 3) insert the exact number of shifts Plaintiff's clocked-in time was rounded down (Doc. 56-1 at ¶¶48.2, 62).

## II.   DISCUSSION

Under the Federal Rules of Civil Procedure 15(a)(2) an untimely amendment to a pleading may occur "only with the opposing party's written consent or the court's leave."  *See* Fed. R. Civ. P. 15(a)(2).  The Rules instruct "[t]he court should freely give leave when justice so requires."  *Id*. In its opposition, Defendant correctly points out that the "freely give[n] . . . when justice so requires" standard contained within Rule 15(a)(2) is supplanted by the "good cause" standard found within Rule 16(b) when a scheduling order has been entered.  (Doc. 60) (quoting Fed. R. Civ. P. 16(b)).  "Such [Rule 16(b) scheduling] orders 'control the subsequent course of the action unless modified by a subsequent order,' Fed.R.Civ.P. 16(e), and may be modified only 'upon a showing of good cause.'"  *Sosa v. Airprint Sys*., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed.R.Civ.P. 16(b)); *see also Jackson v. UPS*, 593 F. App'x. 871, 875, (11th Cir. 2014) ("But, in civil cases, a district court must issue a scheduling order in which it limits the time to amend the pleadings, Fed. R. Civ. P. 16(b)(3)(A), and once a scheduling order is entered, a party must demonstrate good cause for seeking leave to amend its complaint after the deadline.") (citing *S*.

*Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009)).   "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'"   *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).   The Eleventh Circuit has explained a party is not diligent when the facts of the amendment were known at the time the plaintiff filed his initial complaint. *Kendall v. Thaxton Rd. LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) ("Moreover, the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint.") (citing *Sosa*, 133 F.3d at 1419 (finding a relevant factor in whether a court abused its discretion in denying leave to amend was that "the information supporting the proposed amendment to the complaint was available to [the plaintiff] even before she filed suit")).

Defendant opposes Plaintiff's Motion for the following reasons: 1) the motion was filed more than a month-and-a-half after the Court's March 14, 2022 deadline for amending the pleadings;   2) Plaintiff did not seek to amend the pleading deadline at the April 12 status conference when the discovery deadline was moved; and, 3) the new allegations Plaintiff now seeks to add concern matters that Plaintiff could have pleaded in advance of March 14, 2022. (Doc. 60).   In sum, Defendant argues Plaintiff has not been diligent.

In response, Plaintiff acknowledges the amendment was made after the pleading deadline, but argues good cause exists because he could not amend until he received Defendant's supplemental discovery responses, which Defendant failed to provide until being compelled to do so, on April 29.   (Doc. 65).   Plaintiff, relying on Defendant's own chronological responses to the Interrogatories, details how the amendment to Paragraph 37 of the proposed amended

complaint, for example, could not have been made based on Defendant's earlier-provided discovery.  (*Id.*).

The Court reviewed the discovery necessitating Plaintiff's requested amendment to his complaint.  In its April 29 supplemental response (produced as a result of the Court's Order on the Motion to Compel), Defendant explains a) it does not have access to the "actual formulas" used by ADP, its payroll provider to determine the RROP; b) that it has recreated the formulas through a five step process; c) it has discovered the formula may have changed somewhere on or around July 1, 2018; and, finally, d) it has determined that ADP's formulas do not calculate the RROP for each work week, but instead calculate the RROP for each two-week pay period.  (Doc. 64-7).  Indeed, these facts were not so clearly presented in any discovery response previously produced by Defendant (compare, for example, the January 14, 2022 Supplemental Discovery Responses: "OTK further states that the hourly rates used in determining the amount of overtime pay … can be calculated using the formulas contained in the excel spreadsheet that OTK created in responding to [Plaintiff's] discovery request" (Doc. 64-5 at Int. No. 6) to the April 29 Supplemental Discovery Responses: "the five-step formulate outlined above has to be recreated as part of the present litigation" and "OTK does not have access to the 'actual formulas'" and "in recreating the formulas…OTK states that it has determined that ADP changed the formulas…" (Doc. 64-7)).

Plaintiff's proposed amendments, relying on the above facts, add detail concerning how Defendant either calculates the RROP or does not know how it calculates the RROP.  (Doc. 65 (*see*, *eg.*, Paragraph 37.3 "'RROP is not calculated on a single workweek basis" and Paragraph 37.5 "Defendant does not know what formulas were actually used to calculate 'RROP'. . .")).  The

amendments also, as a result of the discovery obtained on April 29, clarify the full impact of its rounding policy on the calculation of Plaintiff's clocked-in time.  (Doc. 65 and 56-1 ("The application of Defendant's rounding policies results in Plaintiff being for less time than he was clocked in at least 570 of those 595 shifts.").

This court recently observed "[w]hat constitutes diligence depends on the circumstances."  *Harrison v. Forde*, 2022 U.S. Dist. LEXIS 55106, *18 (S.D. Ala. Mar. 28, 2022). Plaintiff writes, in support of his diligent efforts: "The Plaintiff has been chasing a straight answer from the Defendant about these factual matters [the regular rate of pay] since the outset of discovery." (Doc. 65).  The Court agrees with Plaintiff's statement, but it does not go far enough: The Court has chased Defendant's discovery responses to questions surrounding how it calculates its employees' "regular rate of pay" since 2018.  *See Hornady v. Outokumpu Stainless United States*, 2021 U.S. Dist. LEXIS 222816 at *34 (S.D. Ala. November 18, 2021) (issuing a default judgment as a sanction where "[t]he March 12, 2021 show cause hearing before this Court marked the culmination of a two-and-a-half-year endeavor to have Defendant produce accurate and complete pay and time records.").  Now, in April 2022, Defendant admits it does not know how it calculates pay rates (Doc. 64-7); and, Plaintiff is seeking leave to amend a FLSA complaint to say so.  (Doc. 56).  Given this history, Defendant's opposition to the amendment, and its argument that Plaintiff has not been diligent, is disingenuous.

Even if this were not the "circumstance," the Court cannot allow a defendant to eviscerate a Rule 16(b) Scheduling Order through discovery disputes (and, here, discovery disputes which were not unanticipated), agree to amend and extend deadlines over and over again, and, then later, after having withheld very pertinent discovery, use the pleading deadline in the frequently

heretofore amended scheduling order as a sword when the amendment does not suit facilitate its defenses.

III.     **CONCLUSION**

Plaintiff is granted leave to amend the Complaint.   Plaintiff shall file his proposed amended complaint not later than June 22, 2022.

**DONE and ORDERED** this 15th day of June, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE