IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRADLY GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 21-00103-JB-N |
| | ) |
| OUTOKUMPU STAINLESS STEEL USA, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Plaintiff Bradly Gibson's ("Gibson") Motion for a New Trial pursuant to Fed. R. Civ. P. 59 (Doc. 166), Defendant Outokumpu Stainless USA, LLC's ("OTK") Response in opposition thereto (Doc. 177) and Plaintiff's Reply (Doc. 181). A hearing was held on October 2, 2023, and the Court has reviewed the motions, supporting briefs, and the various exhibits filed in support of the motions. For the reasons discussed below, Plaintiff's motion is **DENIED**.

**I.    Procedural Background**

On March 5, 2021, Plaintiff Bradley Gibson filed this action against his former employer OTK. (Doc. 1). In the operative complaint, Plaintiff sought relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 201, *et seq*. and/or the common law of Alabama for 1) failing to pay overtime correctly and timely; and 2) failing to pay for all time clocked in. (Doc. 73). For purposes of organization, this Court has previously described Plaintiff's claims as follows:

> 1) The "rounding practices violation claim"- a claim that Defendant willfully violated the FLSA by adopting a rounding policy pursuant to which Plaintiff and similarly situated employees' time worked was always rounded down in favor of the employer, in violation of 29 C.F.R. § 785.48

2) The "workweek violation claim"-a claim that Defendant willfully violated the FLSA by failing to calculate wages according to a fixed, recurring 168-hour period in violation of 29 C.F.R. §§ 778.104-105

3) The "bonus violation claim"-a claim that Defendant willfully violated the FLSA by failing to recalculate Plaintiff's regular hourly rate of pay, to include the monthly incentive bonuses, for the purposes of calculating the overtime rate, in violation of 29 U.S.C. § 207(e)

4) The "RROP calculation violation claim"- a claim that Defendant willfully violated the FLSA by failing to correctly calculate the regular rate of pay for the purposes of paying overtime

5) The "true up violation claim"- a claim that Defendant willfully violated the FLSA by failing to correctly pay overtime on the regular payment date or to timely pay overtime, in violation of 29 U.S.C. § 206(b) and 29 CFR § 778.106 and

6) The "record keeping violation claim"- a claim Defendant violated the FLSA by failing to keep accurate wage records pursuant to 29 C.F.R. § 516.2

(*See* Doc. 123). Additionally, Plaintiff asserted claims for unjust enrichment and *quantum meruit* under Alabama common law. (*See* Doc. 73).

Following the close of discovery, the parties each moved for partial summary judgment. Plaintiff sought summary judgment as to liability the following claims: 1) bonus violation, 2) the rounding practices violation, 3) the workweek violation, 4) the "RROP" calculation violation, 5) the true up violation, and 6) unjust enrichment. (Doc. 91). Defendant sought summary judgment on the following: 1) the bonus violation, 2) the workweek violation, 3) the true up violation, and 4) Plaintiff's state law claim for unjust enrichment or *quantum meruit*. (Doc. 98).

Following extensive briefing and a hearing on the motions, this Court granted summary judgment in favor of Plaintiff on three of Plaintiff's FLSA claims: (1) the rounding violation, (2) the bonus violation, and (3) the "RROP" calculation violation. (Doc. 123). As a result, the trial to be held in this action as to the above claims, was limited to damages.

On May 22-26, 2023, this case was tried in front of a jury. At the close of the evidence, the jury was charged and deliberated. Relevant to the instant motion, with respect to those claims on which Plaintiff prevailed at summary judgment, the jury awarded Plaintiff $0. On June 19, 2023, Plaintiff filed the instant motion for a new trial asserting that the verdict was against the great weight of the evidence and should be set aside. (Doc. 166). Alternatively, Plaintiff argues the verdict was the result of erroneous evidentiary considerations. (*Id*.) Under either theory, Plaintiff argues a new trial is warranted at a minimum as to damages under the FLSA or at most, as to damages as well as the issue of the relevant 168-hour work week. (*Id*.) A hearing on Plaintiff's motion was held on October 2, 2023, and the motion is ripe for adjudication.

**II.    Relevant Law**

Federal Rule of Civil Procedure 59(a) allows a district court to grant a new trial after a jury verdict "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Accordingly, a Rule 59 motion for a new trial may be granted for reasons including if "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice even though there may be substantial evidence which would prevent the direction of a verdict." *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1186 (11th Cir. 2001) (citation omitted). *See also Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940). Resolution of a motion for a new trial is committed to the discretion of the trial court. *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999). Because it is critical that a judge does not merely substitute his judgment for that of the jury, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Lipphardt,* 267 F.3d at 1186. "Where conflicting testimony is

presented and the jury is called upon to make credibility determinations and to weigh the evidence, we will uphold the verdict as long as there is some support for the jury's decision." *Quick v. City of Birmingham*, 346 F. App'x 494, 495 (11th Cir. 2009) (citation omitted).

### III. Discussion

Plaintiff seeks a new trial pursuant to Rule 59(d) because the verdict in this case was against the great weight of the evidence and/or based on erroneous evidentiary considerations. (Doc. 166). Put simply, Plaintiff argues that the evidence presented at trial can in no way result in a $0 verdict as to those claims on which Plaintiff had prevailed at summary judgment and that the great weight of the evidence does not support the verdict as to the work week. OTK opposes Plaintiff's motion mainly because (1) Plaintiff failed to present credible evidence to the jury as to damages, and (2) Plaintiff waived his right to seek a new trial because he failed to make a post-trial motion. (Doc. 177).

As an initial matter, OTK argues that Plaintiff misstated that a court has "wide discretion" in ordering a new trial and instead argues, a new trial can only be granted only when the verdict is against the great weight of the evidence. (Doc. 177). As the Court reads Plaintiff's motion, no misstatement was made. Rather, Plaintiff points out both the standard based on the great weight of the evidence and the more relaxed discretionary standard when evidentiary errors were made. Additionally, because a waiver of Plaintiff's rights would essentially moot any further analysis on the merits of Plaintiff's motion, the Court will first address the issue of whether Plaintiff waived his right to a new trial by failing to make a post-trial motion before turning to the merits of Plaintiff's motion.

### A. Waiver

OTK contends that even if Plaintiff's argument that a zero-dollar verdict is inconsistent with the evidence were true, then the Court would have had to instruct the jury *before* the verdict was returned that they were *required* to find FLSA damages as a matter of law. (Doc. 177 at 8). OTK then asserts that because Plaintiff did not move for a directed verdict pursuant to Rule 50 of the Federal Rules of Civil Procedure, he cannot seek redress now. (*Id*). Next, OTK argues that Plaintiff's failure to raise the alleged inconsistency after the verdict was rendered but before the jury was released, also resulted in waiver. *Id*. at 9.[1] This Court does not agree.

"[A]lthough a movant cannot use Rule 59 to press matters that could have been pressed earlier, Rule 50 motions 'are not prerequisites to a motion for a new trial,'." *McGinnis v. American Home Mortgage Servicing, Inc.*, 901 F.3d 1282, n.5 (11th Cir. 2018) (internal citations omitted). Gibson's argument that the jury's damages award is against the weight of the evidence could not have been made until after the jury reached a verdict. The Court appreciates OTK's effort to substantiate its position with several cases. Namely: *Romero v. Razzle Dazzle Barbershop, Inc.*, 793 F.Appx. 853 (11th Cir. 2019), *Walter Intern. Production, Inc. v. Salinas*, 650, F.3d 1402 (11th Cir. 2011), and *Pensacola Motor Sales, Inc., v. Eastern Shore Toyota, LLC* 684 F.3d 1211 (11th Cir. 2012). However, the procedural postures of the cases relied on by OTK are distinguishable from the instant action.

---

[1] OTK's opposition also addresses other avenues it believes Plaintiff's motion suggested as grounds for relief. However, as the Court understands Plaintiff's position, as further discussed at the hearing, Plaintiff's motion is based on his belief that the verdict is against the great weight of the evidence, or alternatively that evidentiary errors produced the subject outcome. As such the Court will not address the other potential grounds to which OTK responded.

In *Romero*, the plaintiff's moved for a judgment notwithstanding the verdict despite not seeking a judgment as a matter of law pursuant to Rule 50(a)(1) and the Eleventh Circuit affirmed the trial court's denial of the post-trial motion and motion for a mistrial after finding no error in the district court's denial of both motions. *Id*. In *Walter Intern. Production*, the Eleventh Circuit affirmed a trial court's denial of a motion for new trial as to damages when the jury's damages verdict was inconsistent with its liability verdict. In so doing, the Eleventh Circuit determined that the right to seek a new trial had been waived when it was not challenged for inconsistency before the jury was discharged. *Id*. at 1420. Similarly, in *Pensacola Motor Sales, Inc.,* the Eleventh Circuit affirmed the trial court's denial of a motion for a new trial after pointing out that the inconsistent verdicts had not been raised before the jury was discharged.[2]

Here, OTK conflates the analysis in the above cases as identical to this one, where Plaintiff "did not complain that the verdict was allegedly inconsistent with the Court's summary judgment rulings". (*See* Doc. 177 at 14). However, in this action, Plaintiff has not moved for a new trial based on an *inconsistent verdict* and OTK makes no compelling arguments that the cases on which it relies, should be more broadly applied to obtain the same result here. The Court finds OTK's argument unpersuasive especially given that at the close of all the evidence, the issue of damages was disputed and ripe for the jury to decide. Indeed, while OTK argues Gibson should have made a Rule 50 motion, it remains unclear how such a motion could have ostensibly been granted in Gibson's favor on the record at trial, when opposing witnesses offered differing opinions as to the proper amounts of damages to be awarded. Rather, only after the verdict was

---

[2] Of note, in *Pensacola Motor Sales*, after determining that the verdict inconsistency issue had been waived, the Court continued to separately address the other issues raised on appeal, including whether the verdict was supported by the evidence.

rendered, could Gibson move for a new trial based on the verdict being against the great weight of the evidence. As such, the Court is unconvinced that Plaintiff waived his right to file the instant Rule 59 motion. Accordingly, the Court will address the merits of Plaintiff's motion.

### B. The Great Weight of the Evidence

Plaintiff's primary ground in support of a new trial is that the verdict is against the great weight of the evidence. (Doc. 166, generally). OTK contends, however, that the only evidence as to damages presented to the jury by Plaintiff was the testimony of Jeff Mroz ("Mroz"), who was discredited on cross-exam and challenged by OTK's own damages witness, Dr. Carole Amidon-Johansson ("Johansson"). As a result, OTK argues that the jury "was within its rights to reject Plaintiff's damages calculations." (Doc. 177 at 15).

As an initial matter, the Court feels it necessary to point out an issue which has caused some difficulty in ruling on this motion. As set forth above, this Court granted summary judgment in favor of Plaintiff on three separate FLSA violations. At trial, the jury was tasked with determining damages as to those violations, all of which can be described as "unpaid overtime" damages. At trial, the jury was additionally tasked with determining whether OTK violated the FLSA based on a workweek theory and if so, the appropriate amount of those corresponding damages. As a result, the jury could have calculated a damages award on these violations separately or in the aggregate. At the close of trial, the jury form submitted by the parties offered the jury a *single* line to award damages. On that line, the jury ultimately wrote "$0". Plaintiff now seeks a new trial on all FLSA claims because a verdict in the aggregate necessarily represents a zero verdict as to each FLSA claim. The Court is not satisfied that a verdict in the aggregate, if not supported by the great weight as to one claim, necessarily results in a retrial as to all claims.

7

Accordingly, the Court has considered the evidence submitted to the jury as to each claim separately. At trial, the only evidence of damages calculations was presented by the parties' respective witnesses as to damages; for Plaintiff, Jeff Mroz and for OTK, Dr. Amidon-Johansson.

The Court has reviewed the relevant filings and trial transcripts and agrees that a new trial is not warranted for the reasons set forth in OTK's response with respect to the evidence of damages. (*See* Doc. 177 at 15-18 and 26-30). More specifically, the Court is satisfied that the jury's award of no damages in this instance is an indication that Plaintiff did not prove his damages.

The Court appreciates Plaintiff's counter position that despite the jury's role, OTK's own expert testified as to a positive damages amount. However, this is not true as to all of the FLSA claims on which summary judgment was granted.[3] Moreover, while OTK's damages witness provided testimony as to a positive amount of damages with respect to the rounding claim, the jury could have also discredited or found unconvincing Johansson's testimony as to this claim as this testimony was elicited on cross-examination after Johansson testified on direct as to other potential damage calculations. More specifically, with respect to unpaid overtime damages because of the rounding violation, Johansson testified that if Gibson had been paid overtime based on the time he clocked in until the time he clocked out (not shift start to shift end), the dollar value of that time was "approximately $2000.00". (Doc. 181 at 5; Doc. 172 at 5644-45). On cross-examination, Johansson was asked about her calculations and further testified that if

---

[3] For example, with respect to the bonus violation claim, assuming the jury discredited Mroz's testimony, Johansson still testified that when the renumeration for the bonus claim was calculated in accordance with this Court's summary judgment ruling, Plaintiff did not incur any damages. (*See* Doc. 173 at 36; PageID.5642). As such, an award of zero on the rounding claim was supported by the record at trial.

the same calculation was made "without zeroing out negative overtime calculation[s]," the value was $12,044. (Doc. 181 at 6; Doc. 172 at 5654-55). The jury could have easily given little weight to this testimony in the face of Johansson's previous testimony. The Court also finds reasonable OTK's position that the jury could have accredited the amount elicited on direct exam to Plaintiff's state law rounding claim as set forth in OTK's response. (*See* Doc. 177 at 24-25). Regardless, the burden to prove damages rests with Plaintiff, not OTK. Further, because Plaintiff chose the verdict form which allowed the jury to determine FLSA damages in the aggregate, the Court finds that Plaintiff welcomed the potential confusion and should not be granted a new trial on damages as to all FLSA claims for the reasons set forth in OTK's response. (*See* Doc. 177 at 18-21).[4]

Finally, with respect to the verdict on the relevant 168-hour workweek, the Court has reviewed the relevant filings and trial transcripts and finds that a new trial is not warranted. Although much of Plaintiff's motion is dedicated to his position with respect to damages, Plaintiff additionally asserts that the evidence relating to the relevant 168 hour workweek is against the great weight of the evidence.[5] But as even Plaintiff points out, there was conflicting testimony and evidence presented to the jury as to the designated work week. (*See* Doc. 166 at 9-11). This is the same disputed evidence that supported this Court's denial of summary judgment on this claim. As recited above, "[w]here conflicting testimony is presented and the jury is called upon

---

[4] Although the Court agrees with OTK's position with respect to welcoming the confusion, it does not do so based upon the cited conversation at trial or the "inconsistent verdict" language relied on by OTK. (*See* Doc. 177 at 21-22).

[5] Of note, it is difficult to discern whether Plaintiff seeks a new trial as to liability on the workweek violation claim based on the great weight of the evidence or based solely on evidentiary errors, as his arguments are intertwined, and his reply is silent on the issue. However, as the Court understands Plaintiff's position, Plaintiff contends the $0 verdict as to the workweek (for which liability was not determined at summary judgment) is not supported by the great weight *and* the verdict was the result of evidentiary errors as discussed herein below.

9

to make credibility determinations and to weigh the evidence, we will uphold the verdict as long as there is some support for the jury's decision." *Quick*, 346 F. App'x at 495. Accordingly, this Court is not inclined to disturb the jury's verdict with respect to the designated work week because evidence exists to support the jury's decision.

### C. Substantial Errors

Plaintiff alternatively argues that "the trial was contaminated by OTK's persistent presentation of argument by counsel, and testimony, that it had not violated the FLSA accompanied by various characterizations of calculations based on anything other than individual weekly periods" such that the Court "might reasonably determine" that a new trial on damages "should be combined with a new trial on the intertwined issue of what the relevant 168 hour weekly period is for FLSA calculations." (Doc. 166 at 1 and 4). More specifically, Plaintiff asserts that over the objections he asserted in his motions in limine, OTK offered argument and testimony about (1) overtime supposedly due on any basis other than a 168 hour week, (2) supposed overtime payments of money evening out overtime underpayments, and (3) how much Plaintiff was paid over periods other than a week or a specific shift. (*Id*. at 6).

Under Rule 59 of the Federal Rules of Civil Procedure, a court may order a new trial when, for example, when "substantial errors in admission or rejection of evidence or instructions to the jury" warrant a new trial. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). A District Court has "wide discretion" in ordering a new trial to correct its own evidentiary error. *Moore v. GEICO General Insurance Co.*, 758 Fed.Appx. 726, 732 (11th Cir. 2018) (citation omitted). "[N]o error in admitting ... evidence ... is ground for granting a new trial" unless the error "affect[ed] any party's substantial rights." *Id*. quoting Fed. R. Civ. P. 61. To determine whether improperly

admitted evidence affected the verdict, courts consider the number of errors, the closeness of the factual dispute, the prejudicial effect of the evidence, whether counsel intentionally elicited the evidence or focused on the evidence during the trial, and whether the court gave any cautionary or limiting instructions. *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004) (citations omitted).

As an initial matter, Plaintiff refers generally to argument and testimony which he previously sought to exclude via a motion in limine relating to "overtime pay supposedly due on any basis other than a 168 hour week," "supposed overpayments of money evening out overtime underpayments," and "how much Plaintiff was paid over periods other than a weeks or a specific shift," without any citation to the record,[6] which is inadequate.[7] (*See* Doc. 166 at 5-10). Nevertheless, the Court has reviewed the record and does not find that the admission of evidence over Plaintiff's objection was a substantial error warranting a new trial. Moreover, even if an alleged error occurred, the Court is not persuaded that it was harmful. As precisely pointed out by Plaintiff, the jury was properly instructed prior to its deliberations, the relevant records were submitted to the jury, and as discussed above, the verdict was not against the great weight of the evidence. Accordingly, Plaintiff's position that the alleged errors *must* have resulted in an injustice, in not compelling.

---

[6] Plaintiff does generally reference Johansson's testimony regarding three year totals of calculations and OTK counsel's argument relating to the rounding claim (to which no object was made), but, again, no citations to the record were made.

[7] *See Bumpers for Estate of Bumpers v. Austal U.S.A., L.L.C*, 2015 WL 13664949, *2 (S.D. Ala. June 1, 2015) ("To the extent Plaintiffs wished to argue any particular objections as grounds for a new trial, they should have done so specifically in their motions with citations to the record in support. It is neither this Court's job, nor its preference, to utilize its resources to scour the trial record (transcripts, docket, etc.) to 'ferret out' counsel's arguments for them, and then endeavor to presume which are being reasserted and which are not.")(citations omitted).

## IV.  CONCLUSION

For the reasons set forth herein above, Plaintiff's motion is **DENIED.**

**DONE and ORDERED** this 14th day of February, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
